USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/13/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
HERBERT H. LANDY INSURANCE AGENCY, :
INC., :
                                             Plaintiff, :      14 Civ. 6298 (LGS)
:
              -against- :      <u>ORDER & OPINION</u>
:
NAVIGATORS MANAGEMENT COMPANY, :
INC., et al., :
                              Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Herbert H. Landy Insurance Agency, Inc. brings this action against Defendants Navigators Management Company, Inc., Navigators Insurance Company, Navigators Specialty Insurance Company (collectively, "Navigators") and McGowan & Company, Inc. ("McGowan") alleging various common law and Massachusetts state law claims. Navigators moves to dismiss Plaintiff's Complaint, and McGowan moves for judgment on the pleadings. For the reasons below, both motions are granted in part and denied in part.

**I.    BACKGROUND**

      Plaintiff and Navigators were parties to a Program Administration Agreement (the "Agreement") under which Plaintiff acted as program administrator for Navigators' real estate errors and omission ("E&O") insurance. After termination of the Agreement, Navigators hired McGowan to replace Plaintiff. Plaintiff alleges that Defendants breached the Agreement by using Plaintiff's proprietary customer information without permission.

      This action was originally filed in Massachusetts state court, removed to the District of Massachusetts and subsequently transferred to this court pursuant to a forum selection clause in the Agreement. Familiarity with the allegations in the Complaint is assumed. *See Herbert H.*

*Landy Ins. Agency, Inc. v. Navigators Mgmt. Co.*, No. Civ. 14-12552, 2014 WL 3908179 (D. Mass. Aug. 8, 2014).

## II.     LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party.  *See Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014).  "In determining the adequacy of a complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint."  *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005).

To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

Motions for judgment on the pleadings pursuant to Rule 12(c) are reviewed under the same standard as Rule 12(b)(6) motions to dismiss.  *See Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010).

## III. DISCUSSION

The Complaint contains 8 counts as follows: Count I, "preliminary injunction and accounting" against both Navigators and McGowan; Count II, breach of contract against Navigators; Count III, interference with advantageous business relationship against both Navigators and McGowan; Count IV, taking of trade secrets under Massachusetts General Law against Navigators and McGowan; Count V, breach of the implied covenant of good faith and fair dealing against Navigators; Count VI, conversion against Navigators and McGowan; Count VII, unfair and deceptive trade practices under Massachusetts General Law against Navigators; and Count VIII, unjust enrichment against Navigators and McGowan.

### A. Choice of Law

Any choice of law analysis is unnecessary because all parties agree that the choice of law provision in the Agreement requires application of New York law to the entire action. *See, e.g.*, *Arch Ins. Co. v. Precision Stone, Inc*., 584 F.3d 33, 39 (2d Cir. 2009) ("The parties' briefs assume that New York substantive law governs the issues . . . presented here, and such implied consent is, of course, sufficient to establish the applicable choice of law.").

### B. Preliminary Injunction and Accounting (Count I)

Count I seeks a preliminary injunction and accounting. Plaintiff states that it no longer seeks a preliminary injunction because "the passage of time [has] undermine[d]" the need for it. Any claim for preliminary injunction is therefore dismissed as moot.

Plaintiff seems also to abandon the claim for an accounting. Plaintiff does not dispute that the claim should be dismissed, but instead states that it "intends to pursue [an accounting] through discovery." Courts "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Martinez v. City*

*of New York*, No. 11 Civ. 7461, 2012 WL 6062551, at *1 (S.D.N.Y. Dec. 6, 2012) (quoting *Lipton v. Cnty of Orange, N.Y.*, 315 F.Supp.2d 434, 446 (S.D.N.Y. 2004)).  Accordingly, Count I is dismissed as abandoned.

Even if the claim for an accounting were not deemed abandoned, it would be dismissed on the merits.  Plaintiff's breach of contract claim precludes the related claim for an accounting against Navigators because "an equitable accounting claim cannot coexist with a breach of contract claim covering the same subject matter."  *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 207 (S.D.N.Y. 2011); *see also Arnold Prods., Inc. v. Favorite Films Corp.*, 298 F.2d 540, 542-43 (2d Cir. 1962) (where "[t]he relationship between" the parties "was one of simple contract," Plaintiff "could, by means of familiar discovery devices, obtain any information in the hands of [Defendant] or others it needed to establish its allegations as to damages").  The accounting claim against McGowan also would be dismissed because the Complaint does not, and cannot, allege a fiduciary or confidential relationship between Plaintiff and McGowan, competitors in the same market.  *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc*., 87 F.3d 44, 49 (2d Cir. 1996) ("In order to sustain an equitable action for accounting under New York law, a plaintiff must show either a fiduciary or confidential relationship with the defendant.").

### C.  Breach of Contract (Count II)

Navigators' motion to dismiss Count II, Plaintiff's breach of contract claim, is denied.

The elements for a breach of contract claim under New York law are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *accord*

*Clearmont Prop., LLC v. Eisner*, 58 A.D.3d 1052, 1055, 872 N.Y.S.2d 725, 728 (3d Dep't 2009). It is undisputed that the first three elements are satisfied.

Navigators argues that the Complaint does not plausibly allege that Navigators breached the Agreement. Drawing all reasonable inferences in Plaintiff's favor on this motion, Navigators' reading of the Complaint must be rejected.

The Complaint alleges that:

"Navigators has breached the terms of the [Agreement] by directing, authorizing or allowing its new program administrator, [McGowan], to use information concerning policyholders or producers who obtained Navigators real estate professional E&O insurance policies from [Plaintiff] for the solicitation of such business."

The Complaint alleges that Navigators thereby violated two provisions in the Agreement: ¶ 8.1, which provides that policyholder information for policies written by Plaintiff are the exclusive property of Plaintiff; and ¶ 8.3, which bars Navigators from using records of expired policies in marketing the sale or renewal of policies.

The Complaint also alleges facts that make this claim plausible: that (1) prior to Plaintiff's Agreement with Navigators, Navigators was minimally involvement in writing real estate E&O insurance; (2) after Plaintiff became Navigators program administrator, Plaintiff placed with Navigators its new and existing real estate E&O insurance, valued at approximately $20 million dollars; (3) after Plaintiff terminated its contract with Navigators, McGowan replaced Plaintiff as program administrator; and (4) McGowan sent a group email with the subject line, "Time to Renew your NAVIGATORS Real Estate Agents & Appraisers E&O Policy" to, presumably, retail insurance agents that had procured Navigators real estate E&O insurance through Plaintiff. The email requests that the recipients provide a "copy of last year's Navigator's application" and states that "[y]our Navigators policy cannot be renewed through the former program

administrator." (emphasis in original).  Taken together, these allegations are sufficient to support Plaintiff's breach of contract claim against Navigators, and the motion to dismiss Count II is denied.

Navigators' self-serving emails (referenced in and attached to the Complaint), which deny sharing Plaintiff's information, do not provide a basis to dismiss the breach of contract claim.  Because "[t]he choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion," the breach of contract claim will not be dismissed because an alternate plausible explanation may exist for McGowan's email.  *Anderson News, L.L.C.*, 680 F.3d at 185.

### D. Interference With Advantageous Business Relationship (Count III)

Count III of the Complaint is dismissed because it fails to plead the essential elements of the claim.  Under New York law, the elements of a claim for tortious interference are: "(1) there is a business relationship between the plaintiff and a third party; (2) the defendant, knowing of that relationship, intentionally interferes with it; (3) the defendant acts with *the sole purpose of harming the plaintiff*, or, failing that level of malice, uses dishonest, unfair, or improper means; and (4) the relationship is injured."  *Goldhirsh Grp., Inc. v. Alpert*, 107 F.3d 105, 108-09 (2d Cir. 1997) (emphasis added); *see also Kirch v. Liberty Media Corp*., 449 F.3d 388, 400 (2d Cir. 2006).

The Complaint fails to plead the second and third elements.  It contains no allegation that Defendants intentionally interfered with Plaintiff's business relationships; or that McGowan "acted with the sole purpose of harming" Plaintiff or acted with dishonest, unfair or improper means such as "physical violence, fraud or misrepresentation, civil suits and criminal

prosecutions, and some degrees of economic pressure," recognized by New York courts. *NBT Bancorp Inc. v. Fleet/Norstar Fin. Grp., Inc.*, 87 N.Y.2d 614, 624 (1996).

### E. Breach Of The Implied Covenant Of Good Faith And Fair Dealing (Count V)

Count V, Plaintiff's fair dealing claim, is dismissed because New York law "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life and Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). Count V contains no new factual allegations, but merely "repeats and incorporates by reference" all of the preceding paragraphs of the Complaint, which also form the basis for the breach of contract claim.

Plaintiff argues that in the event the facts show that Navigators did not technically violate the Agreement by, for example, directly providing policyholder records to McGowan, but otherwise violated Plaintiff's reasonable expectations by "allow[ing] McGowan to obtain this information through some other means," there would be an alternate factual basis for the breach of implied covenant of good faith claim that distinguished it from the breach of contract claim. But Plaintiff's breach of contract claim contains the very allegation that apparently provides the separate basis for the fair dealing claim: that "Navigators has breached the terms of the [Agreement] by," inter alia, "*allowing*" McGowan to use policyholder information. (emphasis added).

Finally, Plaintiff's reliance on *Siradas v. Chase Lincoln First Bank, N.A.*, No. 98 Civ. 4028, 1999 WL 787658 (S.D.N.Y. Sept. 30, 1999), is misplaced. In that case, the court held, "Plaintiffs cannot claim both breach of contract and breach of the duty of fair dealing, because the latter claim is not independent of the contract itself." *Id.* at *6. Similarly, in the present case, any

7

"breach of [an] implicit duty to engage in fair dealing is merely a breach of the underlying contract." *Id.*

### F. Conversion (Count VI)

Count VI, Plaintiff's conversion claim, is dismissed against Navigators, but is sustained against McGowan.

To successfully plead a conversion claim in New York, Plaintiff must plead (1) "plaintiff's possessory right or interest in the property," and (2) "defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 50, (2006). "A conversion claim cannot succeed, however, where the party fails to 'allege[] a wrong that is distinct from any contractual obligations.'" *Gate Technologies, LLC v. Delphix Capital Markets, LLC*, No. 12 Civ. 7075, 2013 WL 3455484, at *4 (S.D.N.Y. July 9, 2013) (quoting *Command Cinema Corp. v. VCA Labs, Inc.*, 464 F.Supp.2d 191, 199 (S.D.N.Y. 2006), and collecting cases). Accordingly, the conversion claim against Navigators is dismissed.

The Complaint sufficiently pleads a conversion claim against McGowan with whom Plaintiff had no contractual relationship. First, the Complaint adequately alleges Plaintiff's possessory rights or interest in the relevant property – policyholder information for real estate E&O insurance placed by Plaintiff with Navigators. The Agreement provides: "Records of insureds, policyholders, and their use and control for solicitation of business written or bound by or through [Plaintiff], shall, as between [Plaintiff] and [Navigators], be the exclusive property of [Plaintiff] except: a. Underwriting records and files." Second, the Complaint alleges sufficient facts from which it can be reasonably inferred that McGowan used Plaintiff's policyholder information in sending out its email blast. Because the Complaint sufficiently alleges that

McGowan used Plaintiff's property in derogation of Plaintiff's rights, Plaintiff's motion to dismiss the conversion claim against McGowan is denied.

### G.  Unjust Enrichment (Count VIII)

Recovery for unjust enrichment is not permitted where there the matter at issue is covered by a valid, binding contract. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987) ("It is impermissible . . . to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties."); *Coty, Inc. v. L'Oreal S.A.*, 320 F. App'x 5, 6 (2d Cir. 2009) ("[I]t is black-letter law in New York that recovery on an equitable theory of unjust enrichment is not permitted where the matter at issue is covered by a valid, enforceable contract."). Therefore, Plaintiff's unjust enrichment claim against Navigators is dismissed.

Plaintiff's unjust enrichment claims against McGowan are also dismissed because the relationship between the two is too attenuated, and the "pleadings [have] failed to indicate a relationship between the parties that could have caused reliance or inducement" as required for an unjust enrichment claim. *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011); *see id.* (noting that while privity is not a requirement for an unjust enrichment claim, the relationship cannot be too attenuated and the pleadings must state a relationship between the parties that would suggest reliance or inducement).

### H.  Massachusetts Statutory Claims (Counts IV and VII)

The parties agree that New York law governs this action. Plaintiff has abandoned Count VII, the deceptive trade practices claim under Massachusetts statutory law. As to Count IV, the claim for the taking of trade secrets, Plaintiff argues that the claim has a New York counterpart

under which it survives.  Because Plaintiff concedes that New York law applies, Count IV and Count VII are dismissed.  Should Plaintiff determine that it can satisfy the elements of a New York trade secrets claim, and that it would not be cumulative to add such a claim, Plaintiff may amend the Complaint for the limited purpose of adding any theft of trade secrets claim under New York law.

### IV.   CONCLUSION

For the foregoing reasons, Navigators' motion to dismiss is DENIED as to the breach of contract claim (Count II) and GRANTED in all other respects.  McGowan's motion for judgment on the pleadings is DENIED as to the conversion claim (Count VI) and GRANTED in all other respects.  Plaintiff is GRANTED LEAVE to amend the Complaint to add any theft of trade secrets claim under New York law no later than January 23, 2015.

The Clerk is directed to close the motion at Dkt. No. 45.

SO ORDERED.

Dated: January 13, 2015
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**